IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES A. WILLIAMS, ) | |
| ID # 11061262, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1555-P-BH |
| ) | |
| LARRY MITCHELL, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Charles A. Williams (Plaintiff) sues Judge Larry Mitchell under 42 U.S.C. § 1983. He claims that Judge Mitchell violated his constitutional rights by denying him a speedy trial despite numerous motions seeking a trial date. (Complaint at 3-4 Magistrate Judge's Questionnaire ("MJQ"), Ans. 1, 2, 6).[1] He seeks to recover money damages and to have the charges against him dismissed and expunged. (Compl. at 4). No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff, a prisoner in the Dallas County Jail, has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A. <u>No Habeas Relief</u>**

Plaintiff seeks to have the pending charges against him dismissed from his record so that he

may be released from custody. This is the type of relief lies within the exclusive province of a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Davidson v. Texas*, 37 F.3d 629, 1994 WL 558794, at *1 (5th Cir. 1994) (per curiam). Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on this claim.

**B** **Expungement**

Plaintiff also seeks to have the charges against him expunged. Under Texas state law, a person is entitled to have both felony and misdemeanor records expunged if: 1) he is tried and acquitted; 2) he was convicted and subsequently pardoned or granted relief based on actual innocence; or 3) he has been released from confinement and the charge did not result in a final conviction, provided certain specific conditions are met. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2011). However, expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right. *Rodgers v. State of Texas*, 2004 WL 764946, slip op. at *2 (N.D. Tex. April 7, 2004) *citing Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989), *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980). Even if available in a § 1983 action, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance". *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant expungement of his state records.

**B. Judicial Immunity**

Plaintiff sues Judge Mitchell for failing to grant his motions for a speedy trial. (Compl. at 3-4).

3

1. **<u>Official Capacity</u>**

To the extent that Plaintiff sues Judge Mitchell in his official capacity, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against a Texas state judge in his official capacity is a suit against the State of Texas. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Judge Mitchell has Eleventh Amendment immunity for claims asserted against him in his official capacity. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Therefore, Plaintiff's official capacity § 1983 claim against him should be dismissed.

2. **<u>Individual Capacity</u>**

To the extent that Plaintiff sues Judge Mitchell in his individual capacity, the Supreme Court

has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. Because Plaintiff has not alleged that Judge Mitchell acted without jurisdiction, and his complaint is based solely on acts taken in his role as a judge, he is absolutely immune from the claims for monetary damages asserted against him. *See Nixon*, 457 U.S. at 745–46. Any individual capacity claim should therefore be dismissed for failure to state a claim upon which relief may be granted.

### IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 22nd day of May, 2014.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE